United States District Court
Southern District of Texas
Corpus Christi Division

| | | |
|---|---|---|
| Shamrock Products, LLC. | § | |
| | § | |
| *Plaintiff* | § | Civil Action No. |
| | § | |
| versus | § | Diversity-Jury Requested |
| | § | |
| | § | |
| Pure Aviation, LLC, and; | § | |
| SouthStar Capital, LLC | § | |
| *Defendants* | § | |

## Plaintiffs' Original Complaint

**To the honorable Judge of this Court:**

Comes now, Shamrock Products, LLC ("Shamrock" or "Plaintiff") now files its Original Petition against Pure Aviation, LLC ("Pure") and SouthStar Capital, LLC ("SouthStar") (collectively "Defendants") and would respectfully ask the Court to find that Pure Aviation, LLC and SouthStar Capital, LLC have breached the terms of their settlement agreement with Plaintiff and should be held liable for damages resulting from that breach and would show as follows:

## A. Parties

1.    Plaintiff is Shamrock Products, LLC ("Shamrock") a Texas Domestic Limited Liability Company with its principal place of business in Houston Texas, located at 2525 Bay Area Blvd. Suite 105, Houston, Texas, 77057.

2.    Defendant Pure Aviation, LLC is a Montana limited liability company, with its principal place of business located at 4801 Emma Browning Avenue, Austin, Texas 78719. Pure Aviation may be served with citation by service at its principal place of business, or upon its registered agent for service of process, Commercial C118874 Business Tech Corporate Services, LLC, 55 W. 14th Street, Suite 101, Helena, Montana 59601, or wherever they may be found. Pure Aviation may also be served with process pursuant to the long-arm statute by serving the Texas Secretary of State located at 1019 Brazos Street, Austin, Texas 78701, as its agent for service of process because Pure Aviation has engaged in business in Texas to the extent it is found to not maintain a regular place of business here or a designated agent for service of process.

3.    Defendant SouthStar Capital, LLC ("SouthStar") is a South Carolina Limited Liability Company Financial Institution who maintains no registered agent in Texas, but systematically and routinely engages in business with Texas companies, and in this instance, is connected to business conducted in this state, namely the Rockport Terminals tank lease and breach of settlement agreement conducted by the obligor, Pure Aviation. SouthStar may be served with process by serving its registered agent in South Carolina: Lindsey W. Cooper Jr., 36 Broad Street Charleston, South Carolina 29401.

## B. Jurisdiction and Venue

4.    This is a breach of settlement agreement case involving parties all residing in different states, and with the amount in controversy, including attorney's fees exceeding $75,000.

5.    Venue is appropriate in this Court because all or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. 28 U.S.C. § 1391(b)(1)(2).

## B. Background

6.    This is a breach of settlement agreement lawsuit arising from the underlying lawsuit styled Shamrock Products, LLC v. Pure Aviation, LLC and SouthStar Capital, LLC, cause no. A-23-CV-00039-A, in the 36th Judicial District Court of Aransas County, Texas, the honorable Judge Starr Bauer presiding. ("the Underlying Suit").

7.    On March 11, 2023, the parties executed a Rule 11 agreement commemorating their settlement. On March 16, 2023, the parties executed a settlement and release in multiple originals which incorporated the Rule 11 agreement between the parties regarding the utilization of Plaintiff's rail cars. A true and correct copy of the Settlement Agreement and Rule 11 is attached as Exhibit A. As part of the Settlement Agreement, the parties mutually

agreed to waive all attorney's fees related to the Underlying Suit, which for Shamrock's account was in excess of $30,000.

8.     As part of the Settlement Agreement, Pure Aviation promised it would return nine (9) of Shamrock's rail cars no later than March 27, 2023.  See Exh. A. pg. 15.   These nine rail cars contained an unknown quantity of fuel oil that Pure Aviation had loaded into the rail cars, but for whatever reason failed to remove.  Upon information and belief, the rail cars still contain Pure Aviation's product which was the subject of the Underlying Suit.

9.     On April 1, 2023, Plaintiff contacted Rockport Terminals to attempt to retrieve its rail cars for use in its other enterprises.  Plaintiff discovered that even though Pure Aviation had over a month to remove its product and redeliver the rail cars to Shamrock, the rail cars still were loaded with Pure Aviation's product in violation of the Settlement Agreement and Rule 11.

10.    Concerned that Shamrock may be held liable for damages related to third parties utilizing its rail cars, Shamrock instructed Rockport Terminals not to allow Pure Aviation to remove or utilize the nine (9) railcars until the dispute was resolved.  Shamrock further notified Pure Aviation that it was holding them responsible for damages related to the breach of settlement agreement and demanded a prompt resolution.

11.    In spite of attempts to amicably resolve this dispute, Pure Aviation has instead threatened litigation, therefore Shamrock brings the instant suit demanding damages related to Pure Aviation's breach.

12.    As a result of Pure Aviation's breach, Shamrock has consequential damages, including, but not limited to, cleaning expenses demurrage for the nine (9) rail cars caused by Pure's failure to remove its product.  Shamrock's quantifiable damages are of $52,000.

13.    Shamrock has likewise incurred reasonable and necessary attorney's fees related to both Pure Aviation's breach of the Settlement Agreement and for the Underlying Suit which collectively exceed $30,000.  Attorney's fees for prosecuting the instant suit continue to accrue.

**V.**
**CAUSES OF ACTION**

**Count One Breach of Settlement Agreement—Pure Aviation**

14.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15.    Shamrock, Pure Aviation and SouthStar Capital, LLC entered into a binding Settlement Agreement, which is enforcable under a breach of contract cause of action.

16.    Pure Aviation was required to remove its product and return Shamrock's rail cars on or before March 27, 2023.

17.    Pure Aviation failed to remove its product by March 27, 2023, and thereby breached the settlement agreement and caused Shamrock damages in the following way:

      a.    Demurrage expenses for the nine (9) rail cars;

      b.    Cleaning expenses for the nine (9) rail cars;

      c.    Consequential damages related to diverting Shamrock's tank trucks because Shamrock's rail cars were being utilized by Pure Aviation outside the terms of the Rule 11 and Settlement Agreement; and

      d.    Shamrock's reasonable and necessary attorney's fees related to the  underlying suit and for breach of the Settlement Agreement.

18.    Shamrock would also plead and show that Defendant SouthStar Capital, LLC is a third party beneficiary (and signatory to) the Settlement Agreement, and to that extent should be responsible for any amounts due and owing resulting from Pure Aviation, LLC's breach of the Settlement Agreement.

**Count Two:  Breach of Bailment**

19.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

20.    Plaintiff alleges, that as a result of the breach of the Settlement Agreement, that an implied common law bailment obligation has arisen and

that Plaintiff should receive the full benefit of the bargain that it would have received had it not entered into the Settlement Agreement which Defendant Pure Aviation breached.

21.     Among other things, Plaintiff would show that as the bailee, Defendants are obligated to reimburse Plaintiff for storage and cleaning fees associated with their product being laden in Plaintiff's nine (9) rail cars located at Rockport Terminals, and for any incidental and consequential damages associated with the continuing storage of those rail cars while this suit continues. This includes lost opportunity costs for the nine (9) rail cars.

22.     Plaintiff would show that Defendants have failed to pay Plaintiff for the invoiced amount of $52,000 for rail car rentals and cleaning expenses, and demand that amount in damages as well as its reasonable and necessary attorney's fees.

## VII.
## PRAYER FOR RELIEF

23.     As a result of Defendant Pure Aviation and SouthStar Capital, LLC's breach of the Settlement Agreement and Breach of the implied Bailment Agreement arising from that breach, Plaintiff requests the court award it:

      a. All actual, consequential and incidental damages arising from the breach of the Settlement Agreement,

      b.  For all appropriate equitable relief;

    c.  For pre-judgment interest as provided by law;

    d.  For post-judgment interest as provided by law;

    e.  Attorney's fees;

    f.  Costs of suit;

    g.  And any and all other relief for which Plaintiffs may be entitled.

Respectfully submitted this 6th day of April, 2023.

THE CREW LAW FIRM, P.C.
*/s/ Paxton N. Crew*
Paxton N. Crew
ATTORNEY-IN-CHARGE FOR
Plaintiff, Shamrock Products, LLC
SDTX 859147
TBA No. 24058720
303 E. Main, Suite 260
League City, Texas 77573
Paxton@thecrewlawfirm.com
Telephone: (713) 955-0909
Facsimile: (409) 908-4050

CAUSE NO. A-23-0039-CV-A

| | | |
|---|---|---|
| SHAMROCK PRODUCTS, LLC, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | ARANSAS COUNTY, TEXAS |
| | § | |
| PURE AVIATION, LLC, and | § | |
| SOUTHSTAR CAPITAL, LLC | § | |
| | § | |
| *Defendants,* | § | 36TH JUDICIAL DISTRICT |

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "**Agreement**") is being made and entered into between and among Shamrock Products, LLC ("**Shamrock**"), Pure Aviation, LLC ("**Pure Aviation**"), and SouthStar Financial, LLC ("**SouthStar**"), each a "**Party**" and collectively the "**Parties**," and is being made for the purposes and consideration stated herein, effective as of March 16, 2023 (the "**Effective Date**").

### RECITALS

WHEREAS, Shamrock and Pure Aviation entered negotiations to sell Pure Aviation the contents of two petroleum product storage tanks ("**Tanks**"); and

WHEREAS, disputes arose between Shamrock and Pure Aviation regarding (among other things) their respective rights and obligations in connection with the sale; and

WHEREAS, Shamrock exercised certain purported rights and remedies against Pure Aviation and SouthStar; and

WHEREAS, Shamrock filed a UCC Lien (the "**UCC Lien**") on the contents of the aforementioned petroleum product storage tanks on or about February 20, 2023; and

PLAINTIFF'S
EXHIBIT

A

WHEREAS, Shamrock initiated the above-captioned lawsuit (the "**Lawsuit**") on or about February 27, 2023 against Pure Aviation and SouthStar; and

WHEREAS Shamrock applied for and was granted a writ of attachment (the "**Writ of Attachment**") on or about February 28, 2023, over Pure Aviation's assets; and

WHEREAS, various claims and causes of action have been asserted by Shamrock against Pure Aviation and/or SouthStar in the Lawsuit and the associated Writ of Attachment and UCC Lien (hereinafter included as matters related to the Lawsuit); and

WHEREAS, to avoid the cost, uncertainty, and inconvenience of further litigation between them, and to buy peace, the Parties have reached a settlement resolving all of the disputes between and among them that are the subject of the claims asserted in the Lawsuit, through their attorneys' agreement on or about March 13, 2023, under Rule 11 of the Texas Rules of Civil Procedure (the "**Rule 11 Agreement**"), attached hereto as **Exhibit A**; and

WHEREAS, pursuant to the Rule 11 Agreement, SouthStar timely sent and Shamrock, through its attorneys The Crew Law Firm, P.C., received payment on March 13, 2023, in the amount agreed to in the Rule 11 Agreement; and

WHEREAS, pursuant to the Rule 11 Agreement, Shamrock has or will promptly vacate, discharge, and/or otherwise remove the Writ of Attachment, UCC Lien, and any other impediments to Pure Aviation's rights to the contents of the Tanks, except as may otherwise be specified and agreed to in the Rule 11 Agreement; and

WHEREAS, the Parties desire to further memorialize the terms and conditions of the Rule 11 Agreement as set forth herein; and

WHEREAS, this Agreement is not an admission of liability by any of the Parties, and each denies any and all liability not only to the others, but also with respect to any allegations against any of them in the Lawsuit.

## AGREEMENT

NOW, THEREFORE, for and in consideration of the mutual releases and agreements contained herein, the promises of payment herein provided, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, the Parties have agreed, and do hereby agree, to the following:

1.    **Recitals.**  The recitals above are not merely prefatory but are an integral part of this Agreement.

2.    **Disbursement.**  As soon as practicable after all Parties have fully executed this Agreement, or by 5:00 CST March 17, 2023, whichever comes first, subject to all of the terms and conditions hereof and within the Rule 11 Agreement, The Crew Law Firm, P.C. may disburse or cause to be paid the amount paid by SouthStar on March 13, 2023 (the **"Settlement Payment"**) to Shamrock.

3.    **Complete Release of Pure Aviation and SouthStar by Shamrock.** Effective upon execution of this Agreement, Shamrock for itself and on behalf of its officers, directors, shareholders, representatives, agents, employees, partners, predecessors, successors, assigns, insurers, reinsurers, parent companies, subsidiaries, related companies, affiliates, and attorneys, shall completely RELEASE, DISCHARGE, and RELINQUISH Pure Aviation and SouthStar, and any of their respective officers, directors, shareholders, representatives, agents, employees, partners, predecessors, successors, assigns, insurers, reinsurers, parent companies, subsidiaries, related

companies, affiliates, attorneys, any third-party beneficiaries, and anyone else acting for Pure Aviation and/or SouthStar from any and all past, present or future claims, whether known or unknown, and whether based on a tort, contract, or other theory of recovery, that have accrued or that may accrue later or otherwise be acquired on account of or in any way related to, arising from, growing out of, or that are the subject of the Lawsuit or the property at issue therein, save and except for the obligations imposed on Pure Aviation and SouthStar under this Agreement.

4.      **Complete Release of Shamrock by Pure Aviation and SouthStar.** Effective upon execution of this Agreement, Pure Aviation and SouthStar respectively, for themselves and on behalf of each of their respective officers, directors, shareholders, representatives, agents, employees, partners, predecessors, successors, assigns, insurers, reinsurers, parent companies, subsidiaries, related companies, affiliates, and attorneys, shall completely RELEASE, DISCHARGE, and RELINQUISH Shamrock, its officers, directors, shareholders, representatives, agents, employees, partners, predecessors, successors, assigns, insurers, reinsurers, parent companies, subsidiaries, related companies, affiliates, attorneys, and anyone else acting for Shamrock from any and all past, present or future claims, whether known or unknown,  and whether based on a tort, contract, or other theory of recovery, that have accrued or that may accrue later or otherwise be acquired on account of or in any way related to, arising from, growing out of or that are the subject of the Lawsuit or the property at issue therein, save and except for the obligations imposed on Shamrock under this Agreement.

5.      **Covenant Not to Sue.**  The Parties further agree and COVENANT NOT TO SUE any person or entity or prosecute in any way any of the claims released under

this Agreement in connection with their settlement of the Lawsuit.  This covenant not to sue is a material inducement, without which each Party would not have entered into this Agreement.

6.    **Attorneys' Fees.**  Each of the Parties agrees that each Party shall be responsible for its own attorneys' fees, costs, expenses, investigation costs, expert costs, court costs, or other costs of any kind incurred as a result of or in connection with this Agreement or the disputes that have arisen between or among them related to the Lawsuit.  Each of the Parties further waives any statutory rights to recover attorneys' fees for any reason from any of the Parties, except in connection with a proceeding other than the Lawsuit to construe or enforce any provision of this Agreement or to seek remedies for an alleged breach, default, or misrepresentation in connection with any of the provisions of this Agreement.

7.    **Representations and Warranties.**  With respect to all claims and causes of action released under this Agreement, each Party represents and warrants that the Party is the only and lawful owner of any claims that were asserted or could have been asserted in the Lawsuit and that no portion of any claim being released pursuant to this Agreement has been assigned or conveyed to any other person, party, or entity.

8.    **Reserved Rights.** The following reserved rights are not released under this Agreement, and expressly continue following the execution hereof:

(a)    The obligations specifically undertaken by any Party to this Agreement; and

(b)    The reservation by a Party, if any, entitled to receive funds hereunder, of claims against any Party failing to make payment as provided herein.

9.    **Dismissal of Lawsuit.**  Shamrock's claims against Pure Aviation and

SouthStar shall be nonsuited **with prejudice**.  The notice of nonsuit and order shall provide, among other things, that each Party shall bear its own attorneys' fees and costs. Immediately after this Agreement is fully executed, counsel for Shamrock shall file a notice of nonsuit with prejudice and obtain an order dismissing all claims with prejudice.

10.   **Binding Effect.**  The terms and provisions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective successors and assigns.

11.   **Amendment.**  This Agreement shall not be amended or modified in any way except by a written instrument duly executed and approved by authorized representatives of each of the Parties hereto.  This Agreement may not be modified, amended, or terminated orally.

12.   **Multiple Counterparts.**  This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.

13.   **Controlling Law and Venue.**  This Agreement shall be controlled by and construed in accordance with the laws of the State of Texas, and exclusive, mandatory venue for any action arising in any way under or related to this Agreement or the Rule 11 Agreement, or to enforce this Agreement or the Rule 11 Agreement, shall be in the state district courts of Galveston County, Texas.

14.   **Interpretation and Headings.**  All Parties assisted in the preparation of this Agreement and the Rule 11 Agreement and no provision of either Agreement shall be construed against any Party because that Party or its counsel drafted or assisted in the drafting of the provision.  This Agreement and all of its terms shall be construed equally

as to all Parties. The headings and titles of any terms of this Settlement Agreement are inserted for convenience only and shall not control or affect the meaning, construction or effect of this Agreement, or any of its provisions

**15.    No Admission of Liability.**   Nothing in this Agreement or the Rule 11 Agreement shall be construed as an admission of liability or wrongdoing by any Party. Each Party specifically denies any liability to any other Party, and the Parties agree that the consideration exchanged between them is a compromise of disputed claims, and in order to buy peace and terminate controversies.

**16.    Further Assurances.**  The Parties agree to use their best efforts and good faith in carrying out all the terms of this Agreement and the Rule 11 Agreement.  Each Party further agrees to execute, acknowledge and deliver, from time to time, such supplements hereto and such additional documents as any of the Parties released hereunder may reasonably require to effectuate the terms of this Agreement and the intentions of the Parties hereto.

**17.    Sole and Complete Agreement.**  This Agreement, together the with Rule 11 Agreement, constitutes the final, sole and entire agreement between the Parties hereto with respect to the settlement of the claims and issues asserted in the Lawsuit and shall supersede any prior or contemporaneous agreement, either oral or written, by or between the Parties regarding the subject matter.  There are no other written agreements of any kind between the Parties other than this Agreement and the attached Rule 11 Agreement and there are no oral agreements of any kind between the Parties.

**18.    Disclaimer of Reliance.**  Each Party expressly warrants and represents that no promise or agreement that is not expressed in this Agreement or the attached

Rule 11 Agreement has been made to that Party and that no Party is relying upon any statement or representation of any of the Parties being released by this Agreement or by anyone acting for them.  Instead, each Party is relying on that Party's own judgment and each has been represented by the Party's own attorney.  Each Party's attorney read and explained to that Party the entire contents of this Agreement and the Rule 11 Agreement, as well as the legal consequences of both Agreements.

19.    **No Duty.**  None of the Parties are relying on a legal duty, even if one might exist, on the party of any other Party (or such other Party's employees, agents, representatives, or attorneys) to disclose any information in connection with the execution of this Agreement or its preparation; it being understood and agreed that, subject only to any representations and warranties hereunder, no lack of information on the part of another Party is a ground for challenging this Agreement or the Rule 11 Agreement.

20.    **Severability.**  If any provision of this Agreement or the Rule 11 Agreement is held by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the remainder of the terms, provisions, covenants and restrictions of this Agreement and the Rule 11 Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated thereby, and, in lieu of such illegal, invalid, or unenforceable provisions, there shall be added automatically as a part of this Agreement a provision as similar in terms to such illegal, invalid, or unenforceable provisions as may be possible and be legal, valid, and enforceable.

21.    **No Waiver.**  The waiver by any Party hereto of any breach of any provision of this Agreement or the Rule 11 Agreement shall not constitute or operate as a waiver of any breach of any other provision hereof, nor shall any failure to enforce any provisions

hereof operate as a waiver at such time or at any future time of such provision or of any other provision hereof.

22.    **Time is of the Essence.**  The Parties shall adhere to all dates and time periods in this Agreement and the Rule 11 Agreement, which dates and time periods are of the essence, unless the context clearly and unequivocally allows otherwise.

23.    **Approval of Settlement Authority.**  Each Party warrants and represents that the individual signing on its behalf has the Party's authority to enter into this Agreement, and the authority to bind the Party to the terms and conditions hereof, and that this Agreement is binding upon each Party and anyone claiming by, through, or under any of them.

24.    **Notices.**  All notices and other communications related or pursuant to this Agreement shall be in writing and shall be deemed given if (a) delivered personally, (b) sent by nationally recognized, overnight courier, (c) mailed by certified mail (return receipt requested), with postage prepaid, (d) sent by facsimile (followed by a copy sent by courier or certified mail), or (e) by e-mail (followed by a copy sent by courier) to the Parties at the following addresses:

To Shamrock:
Paxton N. Crew
The Crew Law Firm, P.C.
303 East Main, Suite 260
League City, Texas 77573
(409) 908-4050 (facsimile)
paxton@thecrewlawfirm.com

To:  Pure Aviation
R. Scott Jenkins
Jones Walker LLP
201 St. Charles Ave.
New Orleans, LA 70170
(504) 589-8364
sjenkins@joneswalker.com

To: SouthStar
Gregory P. Sapire
Maynard Cooper & Gale, P.C.
7320 N. MoPac Expy., Ste. 309
Austin, Texas 78731
(512) 359-7996 (facsimile)
gsapire@maynardcooper.com

Any Party hereto may change its contact person, physical or e-mail address, or facsimile number for notices and other communications hereunder by notice to the other Parties hereto. All notices and other communications given to any Party hereto in accordance with the provisions of this Agreement shall be deemed to have been given on the date of receipt.

25.    **Bankruptcy.**   The Parties agree that the stipulations and settlement embodied in this Agreement shall be binding on the Parties even if one or more of them shall become debtors in a bankruptcy proceeding.  To the extent permitted by applicable law, this Agreement shall bind any trustee or representative appointed for a debtor's estate.  Such binding effect is an integral part of this Agreement.

26.    **Taxes.**  The Parties understand and agree that none of the Parties or their attorneys have made any representations or warranties regarding the taxability or non-taxability of any of the consideration exchanged pursuant to this Agreement or the Rule 11 Agreement.

27.    **Non-Assignment.** The Parties agree that the obligations imposed by this

Agreement or the Rule 11 Agreement are not assignable, except by mutual written consent of the Parties.

IN WITNESS WHEREOF, the Parties to this Agreement have approved and executed it as of the Effective Date.

**[SIGNATURE PAGE FOLLOWS]**

**AGREED:**

**Shamrock Products, LLC**

_____
Signature

_____
Printed Name

_____
Title

**AGREED:**

**Pure Aviation, LLC**

_____
Signature

_____
Printed Name

_____
Title

**AGREED:**

**SouthStar Financial, LLC**

_____
Signature

_____
Printed Name

_____
Title

**AGREED:**

**Shamrock Products, LLC**

_____
Signature

_____
Printed Name

_____
Title

**AGREED:**

**Pure Aviation, LLC**

_____
Signature

Carlo DiMarco
_____
Printed Name

Managing Member
_____
Title

**AGREED:**

**SouthStar Financial, LLC**

_____
Signature

_____
Printed Name

_____
Title

**AGREED:**

**Shamrock Products, LLC**

_____
Signature

_____
Printed Name

_____
Title

**AGREED:**

**Pure Aviation, LLC**

_____
Signature

_____
Printed Name

_____
Title

**AGREED:**

**SouthStar Financial, LLC**

_____
Signature

_____
Printed Name

_____
Title

# EXHIBIT A

# THE CREW LAW FIRM, P.C.

Attorneys and Counselors at Law
303 East Main, Suite 260
League City, Texas, 77573
713-955-0909
Facsimile: 409-908-4050
www.thecrewlawfirm.com

Paxton N Crew

March 11, 2023

Scott Jenkins, counsel for Pure Aviation LLC
Jones Walker LLP
　　　Via email

Gregory Sapire, counsel for SouthStar Capital, LLC
Maynard Cooper Gale
　　　Via email

RE:　Shamrock Products, LLC. v. Pure Aviation, LLC and SouthStar Capital,
　　　LLC, cause no. 23-0039, in the 36th Judicial District Court, Aransas
　　　County, Texas.

## RULE 11 AGREEMENT

Dear Scott and Gregory,

This is a Rule 11 Agreement under the Texas Rules of Civil Procedure regarding the
proposed settlement of this case conditioned on mutual agreement and performance
by our clients. As we have discussed, Shamrock Products, LLC ("Shamrock") will
settle this case and dismiss all claims against Pure Aviation, LLC ("Pure Aviation")
and SouthStar Capital, LLC ("SouthStar") in return for a payment in the amount of
$1,645,890.39 to be wired to the Crew Law Firm, P.C. trust account no later than 3:00
PM  CENTRAL STANDARD TIME, March 13, 2023.

The Crew Law Firm, P.C. IOLTA number wiring details are as follows:

　　　　　　　Beneficiary Name: Shamrock Products, LLC
　　　　　　　Crew Law Firm IOLTA
　　　　　　　303 E. Main, Suite 260
　　　　　　　League City, Texas 77573
　　　　　　　Account Number:　20750
　　　　　　　ABA Routing Number:　　065405420
　　　　　　　B1Bank
　　　　　　　500 Laurel St.
　　　　　　　Baton Rouge, LA

If payment is received by 3:00 pm CST on March 13, 2023 Shamrock agrees to file a
notice by 5:00 pm CST on March 14, 2023 that Shamrock vacates the current writ of

Shamrock v. Pure Aviation
Rule 11 Agreement
March 11, 2023
    Page 2

attachment on Tanks 1 and 2 at Rockport Terminals, located at 2520 HWY 35, Aransas Pass, Texas and to file with the Texas Secretary of State that the UCC lien on file against Pure Aviation, LLC and SouthStar Capital, LLC has been satisfied and discharged. If payment is not received by 3:00 pm, CST March 13, 2023, Shamrock shall not release the writ of attachment nor discharge the UCC liens.

Shamrock agrees further that if the payment is made, that Pure Aviation, LLC shall have until March 27, 2023 to remove the product currently laden in the nine (9) rail cars currently located at Rockport Terminals, LLC which contain approximately 6000 barrels of Pure Aviation, LLC's product. These railcars are not to be removed from Rockport Terminals facility and are only to be used for removal and or storage of Pure Aviation's product until March 27, 2023. Pure Aviation has agreed to pay the $30,000 in transportation charges for redelivery (included in the total quantum of $1,645,890.39) and Shamrock Products will pay for any subsequent cleaning charges related to Pure Aviation's use of said rail cars.

The Parties further agree that they will complete and execute a full and final release no later than March 17, 2023, including a full mutual release of claims between the Parties regarding the Tank Proposal transaction, and all other related matters. After execution of the mutual release agreement, The Crew Law Firm, P.C. may disburse the moneys held in trust to Shamrock Products, LLC. If a full and final release has not been executed by that time, Shamrock will file a notice of non-suit with prejudice of the pending suit and all parties shall be deemed to waive all claims arising out of or relating to the Complaint and the Tank Proposal Transaction, with all parties to bear their own costs and fees and the Crew Law Firm, P.C. shall disburse the money. In either event, the purpose of this agreement is to bring the dispute to a complete and final resolution and to allow Pure Aviation to remove the product from Tanks 1 and 2 at Rockport Terminals, while at the same time allowing for payment to Shamrock Products, LLC and to allow the parties to draft a more complete settlement agreement.

Finally, it is understood and agreed that this agreement shall in no way create a fiduciary duty on behalf of the Crew Law Firm, P.C. towards Pure Aviation, LLC or SouthStar Capital, LLC even though The Crew Law Firm, P.C. has agreed to hold the funds in trust for the benefit of Shamrock Products, LLC until a settlement has been executed.

If your clients agree to the foregoing, kindly execute and return to me and ensure the payment is timely made. I look forward to your prompt attention to this and hope we can finally bring this matter to a close.

**[SIGNATURES ON FOLLOWING PAGE]**

Shamrock v. Pure Aviation
Rule 11 Agreement
March 11, 2023
              Page 3

AGREED:


_____
Paxton N. Crew
Counsel for Shamrock Products, LLC



AGREED:


_____
Scott Jenkins
Counsel for Pure Aviation, LLC



AGREED:


_____
Counsel for SouthStar Financial, LLC




cc: Gene Garcia, via email

Shamrock v. Pure Aviation
Rule 11 Agreement
March 11, 2023
            Page 3

AGREED:

_____
Paxton N. Crew
Counsel for Shamrock Products, LLC


AGREED:

_____
Scott Jenkins
Counsel for Pure Aviation, LLC


AGREED:

_____
Counsel for SouthStar Financial, LLC




cc: Gene Garcia, via email